CRICHTON, J.,
additionally concurs and assigns- reasons.
hi concur in the majority’s denial of this application. However, I write separately to note that in addition to the claims of ineffective assistance, defense counsel seeks expedited consideration of the defendant’s claims pertaining to what defendant alleges is newly discovered evidence of immunity agreements withheld by the state. Defense counsel first attempted to assert these claims in what he styled as a “Request for Relief’ from the district court’s ruling on the application for post-conviction relief, in which he asked that the district court “rescind” its ruling. The basis for counsel’s request to expedite review is his view that the statute of limitations for federal habeas relief provided in the Anti-Terrorism and Effective Death Penalty Act (AEDPA) is about to expire, presumably from concern those claims will be deemed not “properly filed” in the state courts as required under AEDPA. In my view, given defense counsel’s role in creating the procedural posture that he claims result in exigency, expedited consideration is not merited. Regardless, accepting defendant’s analysis of AEDPA, nothing prevents him from tolling it by properly filing an application in the district court, as the court of appeal noted, if the time limit provided in La.C.Cr.P. art. 930.8 has not expired and defendant can show that one of the narrow exceptions authorizing the filing of a successive application applies.